BARNEY & HINES *v.* DELTA & PINE LAND CO.

[62 South. 355.]

VENDOR AND VENDEE. *Contracts. Construction.*

Where a corporation contracted with a partnership to sell it certain lands, and in the contract there was a clause that in the event any of its stockholders should "bring suit against the corporation, or its officers or directors, to prevent the carrying out of the provisions of this contract, etc., then the corporation or the officers or directors, may declare this contract void and deliver the earnest money to the vendee," and such a suit was brought before a deed was delivered to the vendee, the corporation in such case had a right to declare the contract void even though the vendee had tendered the purchase money before the bringing of the suit and even though such suit was without merit and was afterwards dismissed.

APPEAL from the chancery court of Leflore county.
HON. E. V. HUGHSTON, Special Judge.

Suit by Barney & Hines against the Delta & Pine Land Company. From a decree for defendant, complainant appeals.

Appellants were complainants in the court below, and appellee was defendant. The opinion states the facts. The contract referred to in the opinion is as follows:

"This agreement, entered into this 21st day of April, A. D. 1909, between the Delta & Pine Land Company, a corporation organized and existing under and by virtue of the laws of the state of Mississippi, party of the first part, and G. H. Barney and J. H. Hines, both of Memphis, Tennessee, copartners doing business under the firm name and style of Barney & Hines; George F. Meyers, T. A. Meyers, and Mac A. St. John, all of Indianapolis, Indiana, copartners doing business under the firm name and style of Meyers & St. John, parties of the second part, witnesseth: That the party of the first part hereby agrees to sell and the parties of the second part agree

to purchase at the price of seventy thousand dollars
($70,000.00) the real estate described in Schedule A here-
to attached, all situated in the state of Mississippi, sub-
ject to all taxes and assessments levied after the year
1908, and all installments of drainage taxes or assess-
ments not yet due. The parties of the second part have
paid five thousand dollars ($5,000.00) as earnest money,
to be applied on said purchase when consummated, and
agree within forty-five days after the delivery of the ab-
stracts of title to the said firm, Barney & Hines, or at
their place of business, in Memphis, Tennessee, to pay
the further sum of sixty-five thousand dollars ($65,000.-
00) at the office of John M. Curran, Chicago, Illinois,
provided a good and sufficient warranty deed conveying
to said parties of the second part a good title to said
real estate shall then be ready for delivery. Complete
abstracts of title to said real estate, or merchantable
copies thereof, are to be furnished by the party of the
first part within a reasonable time, with continuation
thereof brought down to cover this date. In case the
title upon examination is found to be materially defect-
ive within twenty days after said abstracts have been fur-
nished, then, unless the material defects be cured with-
in twenty-five days after written notice thereof, said ear-
nest money is to be refunded and this contract is to be-
come void. If the parties of the second part fail to per-
form this contract promptly on their part at the time
and in the manner herein specified, the earnest money
paid as above shall, at the option of the party of the
first part, be forfeited as liquidated damages, and this
contract shall be and become null and void. Time is of
the essence of this contract and of all the conditions
thereof. It is agreed by the parties hereto that, if the
above described real estate contains less than eleven
thousand two hundred (11,200) acres, parties of the sec-
ond part may cancel this contract and receive back the
earnest money, or may proceed with the completion of

105 Miss. 21

the contract at the above-stated price. It is agreed between the parties hereto that the party of the first part may, at any time between the date hereof and the date set for the delivery of the deed, sell any portion of the real estate described located in Leflore county to any third party at not less than fifteen ($15.00) dollars per acre, and any portion of said real estate located in Quitman county at not less than twelve and 50/100 dollars ($12.50) per acre, and any portion of the said real estate located in Tallahatchie and Sunflower counties at not less than nine ($9.00) dollars per acre, the amount received from such sale or sales, less the usual and customary commissions of sale, to be placed to the credit of the parties of the second part and deducted from the balance of sixty-five thousand dollars to be paid upon the delivery of the deed. It is agreed between the parties hereto that, first, in case, by reason of the charter, b laws, or resolutions of the party of the first part, or by reason of any state or federal law, or for any reasor whatsoever, the directors or offices of the party of the first part have not legal authority or power to carry out the provisions of this contract, or, second, in case any stockholder of the party of the first part, not having already consented thereto, shall bring suit against the party of the first part, or its officers or directors, to prevent the carrying out of the provisions of this contract, or, third, in case the directors or officers of this company shall, by carrying out the provisions of this contract, have incurred or shall of necessity incur any liability as individuals, stockholders, officers, or directors, then the said party of the first party, or the officers or directors, may declare this contract void and deliver the earnest money to the parties of the second part. This contract and the earnest money shall be held by the Chicago Title & Trust Company, of Chicago, Illinois, for the mutual benefit of the parties hereto. It is agreed that. neither this contract nor any copy thereof shall be re-

corded in the records of any township, county, or state, and if the party of the first part, or the parties of the second part, or any of them, or the agents of, or any one acting for, either of the parties hereto, shall record or cause to be recorded this contract or a substantial copy thereof, then this contract shall, at the option of the opposite party, be null and void, and the party violating this provision shall forfeit all rights hereunder, with the same conditions as if said party had failed to perform this contract. In witness whereof, the party of the first part has caused this instrument to be signed by its president and secretary, and its corporate seal to be affixed hereto, and the parties of the second part have set their hands and seals the day and year first above written. [Signed.] Delta & Pine Land Co., by C. W. Ward, Pres. [Seal.] E. A. Shedd, Secretary. [Signed] Barney &. Hines. [Seal.] George E. Meyers. [Seal.] M. H. St. John. [Seal.] T. A. Meyers.''

*Gardner & Whittington* and *Julian C. Wilson,* for appellants.

*Gwin & Mounger* and *Tim E. Cooper,* for appellees.

Counsel on both sides filed elaborate briefs, too long for publication.

Argued orally by *A. F. Gardner* and *Julian C. Wilson* for appellant.

Smith, C. J., delivered the opinion of the court.

This suit was instituted in the court below by appellants to enforce the specific performance of a contract for the sale of certain lands, and the appeal is from a decree dismissing their bill. Several reasons why we should affirm the decree of the court below are advanced by counsel for appellee, but we will notice only one of them specifically.

On April 21, 1909, appellants entered into a written contract with appellee for the sale of the land in question, which contract the reporter is directed to set out in full. On the 8th day of May written notices were mailed by appellee to its stockholders, advising them of this contract and calling their attention specifically to the clause thereof which provides that, in event any of its stockholders should "bring suit against the party of the first part, or its officers or directors, to prevent the carrying out of the provisions of this contract, . . . . then the party of the first part, or the officers or directors, may declare this contract void and deliver the earnest money to the party of the second part." On the 15th day of July J. H. Hines, one of appellants, went to the office of appellee's secretary and treasurer in the city of Chicago, and claims to have accepted the offer of sale contained in this contract, and tendered to appellee's president and secretary and treasurer the purchase price of the land, and requested of them a deed thereto, but was told that it was not convenient for them to execute the deed that day, but that they would do so on the next. On the afternoon of the same day one of appellee's stockholders filed a bill in the proper court and obtained an injunction enjoining appellee, its officers and agents, from executing this contract; the writ being served upon its president and secretary. On the following day, July 16th, Hines again went to the office of appellee's secretary and treasurer for the purpose of again tendering the purchase price of the land and obtaining a deed thereto. On arriving there he was informed by appellee's president and secretary of the institution of this stockholder's suit, and of the service upon them of the writ of injunction, and that, consequently, they could not carry out the provisions of the contract for the sale of the land. Appellee denies that any legal offer to perform, or tender of purchase money was made to it by appellants on the 15th of July, or for that matter, that any such was made to it on the

next day.   It is unnecessary, however, for us to determine this conflict in the evidence, for the reason that the fact in dispute is wholly immaterial.   Since this contract does not limit the time within which an objecting stocl holder must institute a suit "to prevent the carrying out" of its provisions, it necessarily follows that he may institute such a suit at any time before its provisions have been actually "carried out;" that is, before the contract has been actually executed by the delivery of a deed.

After filing his bill and obtaining .service of process thereon, this stockholder proceeded no further with the prosecution of his suit, and there was some evidence introduced tending to show that it has since been dismissed by the court for want of prosecution.   The failure to prosecute this suit is immaterial.   The right of appellee to decline to execute the contract depended, not upon the successful prosecution of such a suit, but only upon bringing thereof; the language of this clause of the contract being: "In case any stockholder . . . shall bring suit," etc.   The merit or want of merit of this stockholder's suit is also immaterial; it being the clear intention of the parties that appellee should not be required to execute the contract in event any of its stockholders should be dissatisfied therewith, provided this dissatisfaction was manifested in a particular way.

Appellee was within its rights, therefore, in declining to carry out this contract after it had been enjoined by one of its stockholders from so doing.

*Affirmed.*